IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NAHSVILLE DIVISION

| | |
|---|---|
| MICHAEL CORROZZO, KEVIN ISHEE, ) <br> DANIELLE ROCHA ) <br> and others similarly situated, ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> MOKSHA HOTELS, LLC and ) <br> PRADEEP KUMAR ) <br> ) <br>     **Defendants.** ) | NO. _____ <br> **FLSA COLLECTIVE ACTION** <br> <br> **JURY DEMAND** |

## COMPLAINT

Plaintiffs, Michael Corrozzo, Kevin Ishee, and Danielle Rocha, on behalf of themselves and others similarly situated, bring this action against Defendants, Moksha Hotels, LLC and Pradeep Kumar.

### PARTIES, JURISDICTION AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337. The Court has personal jurisdiction over plaintiffs. The Court has personal jurisdiction over Moksha Hotels, LLC, ("Moksha"), which is a Tennessee limited liability company. Moksha may be served with process by and through its registered agent, Rudy Winstead Turner, PLLC, 2010 21st Avenue South, Nashville, Tennessee, 37212. The Court has personal jurisdiction over the individual defendant, who is a resident of Rutherford County, Tennessee.

3. Venue also lies in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391,

because a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Plaintiffs and others similarly situated are current or former employees of defendants. During their employment with defendants, plaintiffs and others similarly situated are and have been covered employees under the FLSA.

5. Defendants are covered employers under the FLSA. Defendant Pradeep Kumar has been solely or substantially responsible for failing to pay plaintiffs and those similarly situated correct overtime compensation under the FLSA. During the statutory period, defendant Pradeep Kumar has been a person acting directly or indirectly in the interest of all defendants in relation to plaintiffs and is thus an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

6. In addition to the named plaintiffs, defendants employ and have employed within the last six years additional similarly situated employees.

**INTRODUCTION**

7. Plaintiffs bring this claim individually and as part of a collective action, under the FLSA, 29 U.S.C. § 216(b) on behalf of other employees of defendants who were denied overtime compensation. The collective action claims are for overtime compensation, non-overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b). Plaintiffs have filed Consent Forms to be parties plaintiff herewith.

**FACTUAL BASIS FOR SUIT**

8. Moksha owns and operates a hotel, a Clarion Inn, in Murfreesboro, Tennessee.

2

9. Plaintiff Corrozzo worked as a maintenance worker for Defendants for about eight months from 2017 until his termination in February, 2018.

10. Plaintiff Ishee worked in maintenance and groundskeeping from about September, 2017, until January, 2018.

11. Plaintiffs Corrozzo and Ishee performed work in excess of forty (40) hours per week on a regular and repeated basis.

12. For all hours over 40 per work week, plaintiffs Corrozzo and Ishee were paid straight time rather than time and a half, as required by the FLSA.

13. Additionally, the overtime paid to plaintiffs Corrozzo and Ishee was paid by check separate from their regular paychecks.

14. Plaintiff Rocha worked for defendants at the front desk of the hotel.

15. At the time she was hired, defendants told plaintiff Rocha that she would only be paid for the time for which she was scheduled, regardless of the actual number of hours she worked.

16. Plaintiff Rocha worked additional time for which she was not compensated, including both regular hours and overtime hours.

17. Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

18. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

19. Plaintiffs were regularly and repeatedly not compensated for overtime hours

worked.

20. Likewise, other similarly situated employees regularly and repeatedly worked overtime and not compensated.

21. Defendants' intentional failure to pay plaintiffs and other similarly situated employees overtime wages are willful violations of the FLSA.

22. Plaintiff Rocha worked regular, non-overtime hours for which she was not compensated because she and others similarly situated were only paid for the time for which they were scheduled.

23. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, straight time compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA. In addition to plaintiffs, numerous current and former employees of defendants are similarly situated to plaintiff with regard to their wages and damages, in that they have been denied proper compensation for at least six (6) years prior to the filing of this complaint. Plaintiffs are representative of those other current and former employees and are acting on behalf of their interests as well as plaintiffs' own interests in bringing this action. Those similarly situated employees are known to defendants and are readily identifiable, and may be located through defendants' records. These similarly situated employees may readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for unpaid compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

**CAUSE OF ACTION**

24. The forgoing facts are incorporated by reference as if fully stated herein.

25. Plaintiffs, on behalf themselves and others similarly situated, bring the following cause of action against defendants:

    A. For all three plaintiffs, and others similarly situated, willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938; and

    B. For plaintiff Rocha, and others similarly situated, unjust enrichment/Quantum Meruit/Breach of Contract.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS pray for the following relief:

26. Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to all current and former non-exempt employees during the six (6) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked hours for which they were not paid;

27. A declaratory judgment that defendants have violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to plaintiffs and similarly situated persons who opt into this action;

28. A declaratory judgment that defendants' violations of the FLSA were willful;

29. An award to plaintiffs and others similarly situated who opt into this action of damages in the amount of unpaid compensation to be proven at trial;

30. An award to plaintiffs and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

31. An award to plaintiffs and others similarly situated who opt into this action of

reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b);

32. A trial by jury; and

33. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

/s/ Kerry E. Knox
Kerry E. Knox, TN No. 23302
117 South Academy Street
Murfreesboro, TN 37130
(615) 896-1000

/s/ Stephen W. Grace
Stephen W. Grace, TN No. 14867
Delain L. Deatherage, TN No. 22473
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225
Attorneys for Plaintiffs